# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**NIDHAL BEN-SALAH**,

    Plaintiff,

v.

**STERLING JEWELERS INC. OF DELAWARE**, a Delaware corporation, dba Jared Galleria of Jewelry,

    Defendant.

Case No. 3:17-cv-907-YY

**ORDER**

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee You issued Findings and Recommendation in this case on November 15, 2017. ECF 16. Judge You recommended that Defendant's motion to dismiss (ECF 5) be granted, because Plaintiff's claims are subject to mandatory arbitration.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Plaintiff timely filed an objection. ECF 18. Plaintiff objects to Judge You's finding that the decision to equitably toll the limitation period contained in the RESOLVE arbitration agreement is for the arbitrator, and not the court, to decide.[1] The Court has reviewed *de novo* those portions of Judge You's Findings and Recommendation to which Plaintiff has objected, as well as Plaintiff's objections and Defendant's response. The RESOLVE arbitration agreement provides that

> procedural questions which grow out of the dispute and bear on the final disposition are . . . matters for the arbitrator. However, where a party already has initiated a judicial proceeding, a court may decide procedural questions that grow out of the dispute and bear on the final disposition of the matter (e.g., one (1) year for filing a claim).

ECF 6-2 (RESOLVE Arbitration Agreement) at 4.

Because the agreement "clearly and unmistakably provide[s]" that a court may resolve questions relating to the agreement's one year limitation on filing a claim, whether to resolve the question of equitable tolling is subject to this Court's discretion. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 at 83 (2002) (certain questions are for the arbitrator and others are for judicial determination "[u]nless the parties clearly and unmistakably provide otherwise.") (quoting *AT&T Technologies, Inc. v. Communications Workers*, 475 U.S. 643, 649 (1986)). In *Blanco v. Sterling Jewelers, Inc.*, the case on which Plaintiff relies, a court in the District of Colorado chose to exercise such discretion. 2010 WL 466760 at *5 (D. Co. February 9, 2010). In

---

[1] Plaintiff also purports to object to Judge You's Findings and Recommendations "in general based on Plaintiff's briefing and oral argument." ECF 18 at 1. Plaintiff includes specific argument, however, only as to Judge You's finding on the issue of equitable tolling. A "general" objection to a Finding and Recommendation does not meet the "specific written objection[]" requirement of Rule 72(b) of the Federal Rules of Civil Procedure. *See, e.g., Velez-Padro v. Thermo King de Puerto Rico, Inc.*, 465 F.3d 31, 32 (1st Cir. 2006) ("Conclusory objections that do not direct the reviewing court to the issues in controversy do not comply with Rule 72(b)"). The Court thus construes Plaintiff's objection as challenging only Judge You's finding on equitable tolling and reviews *de novo* only that issue.

that case, the court chose to equitably toll the limitation period in the same RESOLVE agreement at issue in this case in order to rule that the limitation period may not run while a plaintiff is exhausting the administrative procedures that are required for that plaintiff to bring his claims. *Id.* at *7. The court in *Blanco* noted that such a ruling was necessary to avoid injustice and loss of the efficiencies of an arbitration agreement. *Id.* Plaintiff in this case has not identified a similarly pressing issue requiring that this Court, and not an arbitrator, resolve the question of equitable tolling. Thus, the presumption that such a question is for the arbitrator, and not a federal judge, controls. *See Howsam*, 537 U.S. at 592 (finding that the applicability of a time limit rule in an arbitration agreement is "presumptively for the arbitrator, not for the judge."). Although the Court *may* decide the issue, the Court agrees with Judge You's finding that the question of equitable tolling is presumptively for the arbitrator. The Court ADOPTS this portion of the Findings and Recommendation.

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

For those portions of Judge You's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Judge You's Findings and Recommendation (ECF 16) as supplemented herein. Sterling's Motion to Dismiss or in the Alternative Motion to Stay proceedings and Compel Arbitration (ECF 5) is GRANTED. This action is DISMISSED.

**IT IS SO ORDERED.**

DATED this 25th day of January, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge